UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ELNORA DELCID n/k/a ELNORA FEASTER,<br><br>Plaintiff,<br><br>vs.<br><br>BURGER KING, LLC, CLAYTON A. BLANKENFELD, BRANDON J. BLANKENFELD, SARAH L. GOODMAN, BETH M. HUDDLESTON, TERRY TRIPP, GARY L. WOODWARD, KENNETH WELLS ALEXANDER, MATT CARPENTER, RALPH W. HOUSH, and BRIAN M. DUPREE,<br><br>Defendants. | 4:25-CV-04125-CCT<br><br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION** |

Plaintiff, Elnora Delcid,[1] filed a pro se complaint, Docket 1, and moves to seal the case, Dockets 2, 10. Delcid moves for leave to proceed in forma pauperis, Dockets 4, 8. Delcid also moves for appointment of counsel. Docket 3.

I.      **Procedural Background**

This is the fourth lawsuit Delcid has filed in the District of South Dakota against Burger King, LLC, Clayton A. Blankenfeld, Brandon J. Blankenfeld, Sarah L. Goodman, Beth M. Huddleston, Terry Tripp, Gary L. Woodward,

---

[1] Recently, the plaintiff informed the Clerk of Court that her last name has changed to Feaster. In this order, the Court will refer to the plaintiff as Delcid instead of Feaster because that is the last name used in the complaint.

Kenneth Wells Alexander, Matt Carpenter, Ralph W. Housh, and Brian M. Dupree. *See Delcid v. Burger King LLC*, 5:20-CV-05033-JLV (D.S.D. May 12, 2020); *Delcid v. Burger King LLC*, 5:22-CV-05052-CBK (D.S.D. May 31, 2022); *Delcid v. Burger King, LLC*, 5:24-CV-05005-LLP (D.S.D. Jan. 26, 2024). Here, Delcid's claims mirror the claims that she raised in her three previous lawsuits. In Delcid's third case, Judge Piersol issued a thorough Memorandum and Order outlining the procedural and factual background of Delcid's earlier cases. 5:24-CV-05005-LLP, Docket 8 at 4–8. This Court adopts and incorporates Judge Piersol's procedural and factual background.

## II.    **Jurisdictional Analysis**

Because federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must consider whether Delcid's complaint involves a case or controversy within its jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In her complaint, instead of alleging the grounds for this Court's jurisdiction, Delcid merely listed some, but not all the defendants, and some purported witnesses. Docket 1 at 1.

District courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Delcid attached to her complaint a Notice of Right to Sue from the EEOC. Docket 1-1 at 2. In one of her previous cases, Delcid alleged harassment based on her gender and race. 5:20-CV-5033-JLV, Docket 1 at 1. Although Delcid does not

2

allege racial or sexual harassment in her complaint is this case, her complaint essentially repeats the factual allegations included in her previous complaints. *Compare* Docket 1, *with* 5:20-CV-5033-JLV, Docket 1; 5:22-CV-5052-CBK, Docket 1; and 5:24-CV-5005-LLP, Dockets 1, 6. "Title VII makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024) (quoting 42 U.S.C. § 2000e-2(a)(1)). Even if this Court were to liberally construe Delcid's complaint to allege a violation of Title VII, the complaint does not state a viable claim for relief under Title VII.

"Title VII addresses the conduct of employers only and does not impose liability on co-workers[.]" *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006). The complaint does not allege that any of the defendants employed Delcid. *See generally* Docket 1. It is clear, based on the factual allegations, that all the individual defendants are managers, supervisors, and co-employees who, as a matter of law, cannot be liable under Title VII.[2] *Id.* Managers, supervisors, and co-employees may not be held liable under Title VII. *Roark v. City of Hazen*, 189 F.3d 758, 761 (8th Cir. 1999) ("a supervisor may not be held liable under Title VII."); *Spencer v. Ripley Cnty. State Bank*,

---

[2] The Court notes that Judge Viken dismissed Delcid's claims against some of the individual defendants, Terry Tripp, Gary Woodward, Brian Dupree, and Kenneth Alexander a/k/a Kenneth Wells, with prejudice. 5:20-CV-5033-JLV, Docket 74. The Eighth Circuit Court of Appeals affirmed the dismissal of these claims. *Id.* at Docket 86.

3

123 F.3d 690, 691 (8th Cir. 1997) (per curiam) ("individual employees are not personally liable under Title VII."). Thus, Delcid's complaint does not state a viable Title VII claim against any of the individual defendants.

Delcid does not allege that Burger King LLC was her employer, and the attachments to Delcid's complaint seem to indicate that the EEOC issued a right-to-sue letter based on a charge of discrimination Delcid filed against Cave Enterprise Operations. Docket 1; Docket 1-1. Regardless of what entity employed Delcid, Delcid cannot bring a Title VII claim in this action based on the notice of right to sue she attached to her complaint. *See* Docket 1-1 at 2. The notice is dated February 12, 2020. *Id.* The notice instructs that "[y]our lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." *Id.*; *see also McDonald v. St. Louis Univ.*, 109 F.4th 1068, 1070 (8th Cir. 2024) (stating that an employee must file suit under Title VII within 90 days after receiving a right-to-sue letter (citing 42 U.S.C. § 2000e-5(f)(1)). Because this lawsuit was commenced more than four years after Delcid received notice of her right to sue, and the complaint alleges no basis for equitable tolling, Delcid has not stated a viable Title VII claim against Burger King LLC, even assuming that this entity was her employer and the entity against whom the charge of discrimination was directed. *See Hill v. John Chezik Imps.*, 896 F.2d 1122, 1123–24 (8th Cir. 1989) (recognizing that the 90-limitation period of 42 U.S.C. § 2000e-5(f)(1) is not jurisdictional and may be subject to equitable tolling in appropriate cases).

4

Because federal question jurisdiction under 28 U.S.C. § 1331 is inapplicable, this Court must consider whether there is diversity jurisdiction. It is not clear that Delcid has pleaded a viable state-law cause of action against any of the defendants, but because the allegations in the complaint as a matter of law are insufficient to establish diversity jurisdiction, it is not necessary for this Court to determine whether Delcid has alleged a plausible state-law claim.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). Delcid, the party seeking a federal forum, bears the burden of demonstrating that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). According to Delcid's complaint, she is a citizen of the State of Virginia. Docket 1 at 2. But Delcid's complaint contains no allegations regarding the citizenship of the individual defendants. *See generally id.* Delcid alleges that Burger King LLC is a business located in Rapid City, South Dakota. *Id.* at 2. But the complaint does not allege where Burger King LLC is incorporated or specify whether the address provided in the complaint is its principal place of business. *See generally id.*; *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (recognizing that when the complaint does not state the place of incorporation and the principal place of business of a corporate party, the pleading is inadequate to establish diversity jurisdiction) (citation omitted).

Even if Delcid had sufficiently alleged complete diversity of citizenship, this Court does not have subject-matter jurisdiction under 28 U.S.C. § 1332(a) unless the amount in controversy exceeds $75,000. According to Delcid's complaint, she seeks $5,000[3] in damages. Docket 1 at 5 "A plaintiff who sues for damages less than the threshold for diversity jurisdiction can be bound to that limit[.]" *Toller v. Sagamore Ins. Co.*, 514 F. Supp. 2d 1111, 1119 (E.D. Ark. 2007). Delcid bears the burden of establishing that the amount in controversy exceeds the jurisdictional minimum, and the allegations in her complaint are insufficient to meet this burden. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) ("The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." (citation omitted)). Having determined that federal question jurisdiction is lacking and that Delcid has not sufficiently alleged diversity jurisdiction, Federal Rule of Civil Procedure 12(h)(3) mandates that this Court dismiss Delcid's complaint due to lack of subject-matter jurisdiction. *See Sanders*, 823 F.2d at 216 (stating that district courts should "be attentive to a satisfaction of jurisdictional requirements in all cases." (citation omitted)).

## III.   Motions to Seal

Delcid moves to file and maintain this action under seal, but her motions do not state any reason that this action should be sealed. *See generally*

---

[3] As Judge Piersol noted in one of Delcid's previous cases, Delcid appears to be requesting the $5,000 Cave Enterprise Operations had previously offered to settle Delcid's claims, but that settlement offer was withdrawn because Delcid did not timely sign and return a settlement agreement. 5:24-CV-5005-LLP, Docket 8 at 5, 13.

Dockets 2, 10. The Federal Rules of Civil Procedure and local rules of the District of South Dakota allow for sealing filings in civil cases containing certain information. *See* Fed. R. Civ. P. 5.2(d)-(e); *see also* D.S.D. Civ. LR 7.1(A). But "[a]ny motion seeking the sealing of pleadings . . . must include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." D.S.D. Civ. LR 7.1(A). Because a "common-law right to access judicial records is generally recognized throughout the country[,]" a party attempting to file under seal must demonstrate a compelling reason to do so. *Borella v. Black Hills Surgical Hosp. L.L.P.*, No. 5:24-CV-05079-KES, 2025 WL 1928074, at *2 (D.S.D. July 14, 2025). "Courts maintain substantial discretion in making this evaluation and consider the issue in light of the relevant facts and circumstances of the particular case." *Id.* (citation modified); *see also Noble v. Am. Nat'l Prop. & Cas. Ins. Co*, No. 17-CV-5088-JLV, 2018 WL 11235790, at *2 (D.S.D. Apr. 12, 2018) (denying plaintiff's request to file documents under seal when those documents "are the sort of court documents that are routinely not filed under seal"). "[T]here is no doubt that [a plaintiff's] complaint is a 'judicial record' which the public has a presumptive, common-law right to access." *Borella*, 2025 WL 1928074, at *2 (citation omitted). Because Delcid has not presented any compelling reason to overcome this common-law right of access, Delcid's motions to seal, Dockets 2, 10, are denied.

## IV.   Conclusion

Accordingly, it is ORDERED:

1.   That Delcid's motions to seal this case, Dockets 2, 10, are denied.

2.   That Delcid's complaint, Docket 1, is dismissed without prejudice for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h).

3.   That Delcid's motions to proceed in forma pauperis, Dockets 4, 8, are denied as moot.

4.   That Delcid's motion to appoint counsel, Docket 3, is denied as moot.

Dated July 14, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*

CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

8